473 F.2d 1029
 5 Fair Empl.Prac.Cas. 713, 5 Empl. Prac. Dec. P 8448
COMMONWEALTH OF PENNSYLVANIA et al. (Intervenors
Plaintiffs), Guardian Civic League (Intervenor Plaintiff),
v.
Joseph F. O'NEILL et al., Appellants in No. 72-1614. Appeal
of FRATERNAL ORDER OF POLICE et al.,
Defendants-Intervenors, in No. 72-1613.
 Nos. 72-1613, 72-1614.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 28, 1972.
Submitted for Rehearing before the Court En Banc Jan. 3, 1973.
Decided Feb. 8, 1973.
 
 A. Charles Peruto, James M. Penny, Jr., Sheldon L. Albert, Martin Weinberg, Philadelphia, Pa., for appellants in Nos. 72-1613 and 72-1614.
 Henry W. Sawyer, III, Andrew S. Price, Harold I. Goodman, Robert J. Reinstein, F. John Hagele, Robert P. Vogel, Stephen C. Miller, Philadelphia, Pa., for appellees in Nos. 72-1613 and 72-1614.
 George H. Weiler, III, Washington, D. C., for amicus curiae, Equal Employment Opportunity Commission in Nos. 72-1613 and 72-1614.
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, MAX ROSENN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The defendants appeal from an order dated July 7, 1972 granting a preliminary injunction pending final hearing. 348 F.Supp. 1084 (E.D.Pa.1972). The complaint challenges the hiring and promotion procedures of the Police Department of the City of Philadelphia as violative of the Civil Rights Acts. 42 U.S.C. Secs. 1981-1983. The alleged violations involve discrimination in hiring black applicants and in promoting black police officers. After a hearing the district court entered the order appealed from, which granted interim injunctive relief both with respect to hiring procedures and with respect to promotion procedures.
 
 
 2
 The court being equally divided with respect to the provisions of the order dealing with hiring procedures, the order will in those respects be affirmed.
 
 
 3
 With respect to the promotion procedures, the district court directed that no promotions be made pursuant to the existing procedure unless the Police Department promoted at least one black officer for every two white officers. It found that the "written examination for promotion . . . plays a significant role in determinations of eligibility and eliminates a disproportionate number of blacks." 348 F.Supp. at 1101 (emphasis omitted). In reviewing the evidence, however, the district court revealed that its finding of disproportionate disqualification was based upon the following unrebutted statistical evidence concerning passing rates on three promotion examinations:
 
 
 4
 "Test White Pass Rate Black Pass Rate
Sergeant 18.4% 11.7%
Detective 27.2% 17.7%
Corporal 36.2% 23.8%"
 
 
 5
 Id. Immediately following the reproduction of this table upon which the district court apparently based its finding of disproportionate disqualifications, the trial judge stated: "There is no evidence as to the statistical significance of these figures, nor as to the passing rates for the other promotion examinations." Id. Thus, although he made a finding that the promotional tests disqualify a disproportionate number of black policemen seeking promotion, the judge pointed to the absence of evidence concerning the statistical significance of the data on which his finding was based. Perhaps this apparent incongruence between the statistics, the finding of fact, and the statement made by the trial judge was caused by a simple mistake. Speculation about its nature is, however, just that, speculation. In view of the critical nature of the matter, we unanimously decline, on this record, to uphold that part of the district court's order requiring a one-for-two quota system in the Police Department's promotion procedure pending final hearing. Our ruling, is, of course, without prejudice to any other or further relief which may be ordered by the district court with respect to Philadelphia Police Department promotion procedures in proceedings not before us on this appeal.
 
 
 6
 Those portions of the district court's order of July 7, 1972 dealing with the hiring procedures of the Philadelphia Police Department pending final hearing will be affirmed. Those portions of the district court's order of July 7, 1972 dealing with promotion procedures of the Philadelphia Police Department pending final hearing will be vacated and the cause remanded for further proceedings.