Edward C. CROCKETT, individually and on behalf of all other persons similarly situated, Plaintiffs-Respondents,

v.

Harry GREEN, Sr., et al., Defendants-Appellants.

No. 75–1335.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 11, 1975.

Decided March 19, 1976.

James B. Brennan, City Atty., Patrick B. McDonnell, Asst. City Atty., Milwaukee, Wis., for defendants-appellants.

Richard M. Klein, Patrick O. Patterson, Larry Farris, Milwaukee Legal Services, Inc., Milwaukee, Wis., and Marilyn R. Walter, National Employment Law Project, New York City, for plaintiffs-appellees.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and CAMPBELL, Senior District Judge.*

FAIRCHILD, Chief Judge.

The defendants, members of the Board of City Service Commissioners of the City of Milwaukee, appeal from a preliminary injunction ordering them to discontinue using apprenticeship and experience requirements as pre-job selection devices in certain "prevailing wage" skilled craft positions; and ordering them to hire one black person for every two vacancies that occur in a skilled craft job classification, until the percentage of black persons in that classification equals the percentage of black persons in the city of Milwaukee. The defendants specifically challenge the district court's order for maintenance of a class action; the specific ratio ordered (one black person hired for every two vacancies); the order that ratio hiring remain in effect as to each classification until the percentage of black persons in the classification (lumping classifications containing less than five positions) equals the percentage of black persons in the city of Milwaukee; and the failure of the court to limit ratio hiring to entry level positions. For the reasons set out below, we affirm.

The facts and the terms of the preliminary injunction appear in *Crockett v. Green*, 388 F.Supp. 912 (E.D.Wis.1975). In determining whether to grant a preliminary injunction, the district court must take into consideration the probability of ultimate success at the trial and the consequences of immediate irreparable injury possibly stemming from denial of the injunction. *Scherr v. Volpe*, 466 F.2d 1027, 1030 (7th Cir. 1972). The test for granting a preliminary injunction has also been described as a balancing of the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction. *Yakus v. United States*, 321 U.S. 414, 440, 64 S.Ct. 660, 674, 88 L.Ed. 834, 857 (1944). See *Washington v. Walker*, 529 F.2d 1062, 1065 (7th Cir. 1976). The standard of review in an appeal from the issuance of a preliminary injunction is whether the district court abused its discretion, *Scherr v. Volpe, supra*, 466 F.2d at 1030.

Appellants challenge the order which permitted maintenance of the action on behalf of a class consisting of all black persons who are either capable of performing the work in the skilled crafts positions or capable of being trained to do so and who have been or will be denied employment in such positions because of their race.

Appellants argue that any class must be confined more precisely to those who are like plaintiff, *i. e.*, an adult black man who has completed apprenticeship as a bricklayer mason, but was denied employment because he did not have five years' experience as a journeyman, or possibly a black man who has been kept from a job with experience and apprenticeship requirements. It is contended that a class so confined would not be numerous and that unless so confined, other class action requirements under Rule 23(a), F.R.Civ.P. are not met.

It seems a reasonable view that there are questions of law and fact as to the existence of racial discrimination common to the

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

class described; that plaintiff's claim thereof is typical of the claims of the class; that plaintiff will adequately protect class interests; and that, as so defined, the class is so numerous that joinder is impracticable. We conclude that the district court did not abuse its discretion in deciding that the prerequisites of Rule 23(a), as well as (b)(2) had been met.

■ Class action status is particularly appropriate in a case involving class discrimination. See *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (Title II of 1964 Civil Rights Act); *Sprogis v. United Air Lines, Inc.,* 444 F.2d 1194, 1201–02 (7th Cir. 1971) (Title VII of 1964 Civil Rights Act); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 719 (7th Cir. 1969).

Second, appellant challenges the order of the district court that one qualified black person be appointed for every two vacancies that occur in a skilled craft job classification until the percentage of blacks in that job classification equals the percentage of blacks in the city of Milwaukee; and that in the event that only one vacancy occurs in a skilled crafts job classification and blacks are not represented in that classification in a percentage equal to their percentage in the city of Milwaukee, then that vacancy shall go to a qualified black (although the next vacancy shall go to a qualified non-black).

■ The issue of ratio hiring is challenged both as a denial of equal protection [1] and abuse of the district court's discretion. Use of mathematical ratios on a limited basis to correct past discrimination is not a violation of equal protection, *Swann v. Charlotte-Mecklenburg Board of Education,*

402 U.S. 1, 25, 91 S.Ct. 1267, 1280, 28 L.Ed.2d 554, 571 (1971); *Carter v. Gallagher,* 452 F.2d 315, 330 (8th Cir. 1972) (*en banc*), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2045, 32 L.Ed.2d 338; *Southern Illinois Builders Association v. Ogilvie,* 471 F.2d 680 (7th Cir. 1972). In the present case, the district court ordered the one-to-one ratio hiring for a limited period as part of a broad equitable remedy designed to eradicate defendants' discriminatory employment practices. Such an order was within its discretion, and similar ratio systems have been employed in past § 1983 cases. *Commonwealth of Pennsylvania v. O'Neill,* 348 F.Supp. 1084 (E.D.Pa.1972), affirmed in part by equally divided court, reversed in part, 473 F.2d 1029 (3rd Cir. 1973) (*en banc*); *Castro v. Beecher,* 459 F.2d 725, 736 (1st Cir. 1972); *Carter v. Gallagher, supra,* 452 F.2d at 327–32.

■ Third, appellant challenges the district court's use of the percentage of black persons in the city of Milwaukee as the figure at the attainment of which ratio hiring would cease (17.2% in 1973), contending that the proper ceiling should be the percentage of black persons in the Milwaukee Standard Metropolitan Statistical Area (SMSA), containing a black population considerably lower than 17.2%.[2] In addition, appellant argues that the statistical basis that should be used in the Milwaukee SMSA work force, not total population.

We think that it was not an abuse of discretion to select the percentage of black population in the city of Milwaukee, as the critical percentage for the purpose of a preliminary injunction.

■ Finally, appellants challenge the trial court's failure to limit ratio hiring to just

---

1. Appellant seems to assume that action by city officials under federal court order constitutes state action and is governed by the Fourteenth Amendment, rather than federal action governed by the Fifth Amendment. It is unnecessary to consider this issue, since the Fifth Amendment contains the same equal protection requirement for federal action as the Fourteenth Amendment contains for state action. *Johnson v. Robinson,* 415 U.S. 361, 364 fn. 4, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389, 396 (1974);

*Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

2. The four counties that comprise the Milwaukee Standard Metropolitan Statistical Area in 1970 had the following black populations:

| | |
|---|---|
| Ozaukee County | — 0.17% |
| Washington County | — 0.07% |
| Waukesha County | — 0.16% |
| Milwaukee County | — 10.06% |

entry level positions in those skilled crafts which involve a formalized training program and various promotional steps thereafter. Appellants point to instances when a series of grades exist for a similar position, e. g., Arborist I, II, and III. They argue that employees at lower levels in such series have a legitimate expectation that a vacancy at a higher level will be filled by promotion, and that such expectation is necessary to provide incentive; that since there are presently few black employees at any level, the ratio-hiring order will require that upper level vacancies will be filled from the outside rather than by promotion. Thus the legitimate expectations of existing employees will be defeated.

Appellants ask that we either exempt such positions above the entry level from the ratio-hiring requirement or delay its operation at the higher levels until there are enough black employees in the lower levels to provide black employees with experience and training at a lower level as candidates for promotion.

In the first place, we note that the district court decree provides that "Nothing in this order shall require or be construed to require defendants . . . to hire nonqualified employees . . . ." 388 F.Supp. at 923. This caveat must apply to upper level as well as entry level positions. Thus, if no qualified black persons apply for an upper level vacancy, whether from a lower level position or from the outside, then the city is free to promote qualified white applicants from within.

Second, it should be noted that this appeal stems from the issuance of a preliminary injunction. There is little evidence from which the detailed functioning of the ratio hiring system during the pendency of the action can be predicted. We are not being called upon to review a permanent injunction, framed after a full evidentiary inquiry, and it is not clear that the district court abused its discretion in ordering interim ratio-hiring at the upper levels as well as entry levels. In any event, the district court announced its willingness to entertain requests for clarification and supplemental or corrective relief.

The order appealed from is AFFIRMED.