Johnnie G. JONES et al., Plaintiffs,

v.

MILWAUKEE COUNTY et al., Defendants.

No. 74-C-374.

United States District Court, E. D. Wisconsin.

Sept. 9, 1977.

See also, D.C., 68 F.R.D. 638.

456

Richard M. Klein, Jeffery R. Myer, Legal Action of Wisconsin, Inc., Milwaukee, Wis. and Patrick O. Patterson, New York City, for plaintiffs.

Robert P. Russell, Corp. Counsel by David J. Siler and Patrick J. Foster, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action was started three years ago under title VII of the 1964 Civil Rights Act. It was brought by the plaintiffs on behalf of themselves and all qualified minority persons seeking employment in five classified service job categories of Milwaukee County.

I granted injunctive relief in favor of the plaintiffs by an order dated July 7, 1976. On December 16, 1976, I approved part of the plaintiffs' affirmative action plan designed to increase minority employment through second-year and fifth-year goals in the professionals and officials/administrators job categories.

Later, it became apparent that the defendants' partially approved affirmative action plan included minority employment in the *exempt* service. At that point, I directed the defendants to submit revised second-

year and fifth-year goals for minority employment confined to *classified* service positions in the officials/administrators and professionals categories. The defendants have submitted revised goals for minority employment in the classified service of these two categories, and the plaintiffs have presented their written views on the defendants' proposals. The plaintiffs urge that the defendants' plan is inadequate in several respects.

The parties disagree on the number of positions upon which minority employment should be predicated and on the number of minority persons to be employed under the defendants' plan. The following charts show the parties' statistical disagreement derived from the defendants' plan:

### 1. OFFICIALS/ADMINISTRATORS

| Minority Representation | Present | After 2 yrs. | After 5 yrs. |
|---|---|---|---|
| Defendants | 13/358 (3.6%) | 18/358 (5.0%) | 24/358 (6.7%) |
| Plaintiffs | 13/390 (3.9%) | 18/390 (4.6%) | 24/390 (6.2%) |

### 2. PROFESSIONALS

| Minority Representation | Present | After 2 yrs. | After 5 yrs. |
|---|---|---|---|
| Defendants | 75/1605 (4.7%) | 112/1605 (5.8%) | 188/1605 (9.7%) |
| Plaintiffs | 75/1947 (3.9%) | 105/1947 (5.4%) | 176/1947 (9.0%) |

The statistics of the plaintiffs and the defendants each purport to summarize proposed present and future minority employment from data submitted by the defendants as part of their proposed plan. The parties have used different denominators to compute the percentage of minority employment. The plaintiffs' denominator represents the number of *authorized* positions in each job category; the defendants' denominator presumably represents the number of *permanent* positions.

■ Under either view of the data, I find the defendants' revised fifth-year goals for minority employment in the two categories to be inadequate. According to the plaintiffs' calculations, the defendants' plan contemplates that only about 12% of the more than 800 positions which will become available in the professionals category during the next five years will be filled by minority persons. At that rate, the minority representation in the classified service of the professionals category after five years will be 9.0% (according to the plaintiffs) or 9.7% (according to the defendants). As to the professionals category, the plan's fifth-year goal does not, therefore, adequately approach the 12.1% minority percentage of the population of Milwaukee County. The defendants' plan for classified service minority employment of professionals should strive to achieve minority employment after five years approaching the county's approximately 12% minority population. In my opinion, it is not sufficient that the defendants' proposed plan would fill about 12% of the *future* vacancies in classified service positions with minority persons. See *Crockett v. Green,* 534 F.2d 715, 718 (7th Cir. 1976). In this connection, I note that the defendants' affirmative action plan, filed November 15, 1976, and approved in my order dated December 16, 1976, proposed a fifth-year goal of 12.8% minority representation in the classified and exempt service of the professionals category.

■ The defendants propose to increase classified service minority employment in the officials/administrators category to 6.7% (6.2%, according to the plaintiffs) after five years. This goal is unsatisfactory since

at the end of five years minority persons would be represented in the classified service of the category in only slightly more than half of their 12% representation in the county's population. However, I cannot on the present record accede to the plaintiffs' request that the defendants should be pressed at this juncture to place minority persons in one-half of the projected future vacancies occurring in the next five years in classified service positions in the category. At this point, it would appear unrealistic to require the defendants to fill 32 of the 64 projected vacancies in the classified officials/administrators category with minority persons, even though under such a program the plaintiffs contend that the fifth-year goal would be 11.5%. Instead, the defendants' plan should provide that one-third of such 64 projected classified service vacancies be filled with minority persons. This employment program will yield approximately 9.6% minority representation after five years in classified service positions in the officials/administrators category.

In summary, I believe that the defendants' plan should include fifth-year goals for classified service minority employment of 12.1% in the professionals category and 9.6% in the officials/administrators category.

■ While I am reluctant to require the defendants to prepare yet another plan, I believe it is the best technique now available to enable them to demonstrate their program for compliance with the above directives. However, in the event the plan submitted pursuant to this order fails to resolve the problems discussed herein, or if full, prompt implementation appears uncertain, I contemplate the appointment of a special master to recommend a plan and to oversee its implementation. Such appointment, if made, would be pursuant to this court's general equity powers rather than under Rule 53, Federal Rules of Civil Procedure.

■ The plan to be submitted by the defendants should, as previously stated, present proposals for achieving fifth-year goals of 12.1% and 9.6% minority representation in the classified service of the professionals and the officials/administrators categories, respectively. The second year goals may remain as currently proposed in the revised plan, or they may be increased. They should not be diminished, however, as that would result in little minority hiring during the first two years and a disproportionately large amount of minority hiring in the three subsequent years of the plan.

■ The defendants' proposed plan may base minority employment percentages on permanent, rather than on authorized, positions only if the defendants demonstrate that non-permanent positions which are presently authorized will not be refilled when they eventually become vacant.

■ The plaintiffs urge that the defendants should be directed to implement a specific recruitment program in order to realize optimum employment goals in the two job categories. Although I concur in the plaintiffs' view that the rate of minority employment must be accelerated, I am not prepared at this time to impose particularized recruitment requirements for future classified service minority employment in the officials/administrators and professionals categories. I have imposed a specific recruitment program for classified service positions in certain classifications in the office/clerical category; this program was necessitated under circumstances detailed in my June 14, 1977, decision and order. However, in the appropriate situation, particular recruitment requirements for the officials/administrators and professionals categories could become necessary or could be included in the scope of the duties of a special master if one were eventually appointed.

The defendants' new plan, as outlined in this decision, should be served and filed by October 14, 1977. The plaintiffs' comments thereon should be served and filed by October 28, 1977.

The plan partially approved in my December 16, 1976, decision and order shall continue in effect until further order.

Therefore, IT IS ORDERED that the defendants' revised plan filed August 2, 1977, setting goals for classified service minority employment in the professionals and officials/administrators categories be and hereby is not approved.

IT IS ALSO ORDERED that the defendants serve and file by October 14, 1977, a further plan for minority employment, as specified in this decision and that the plaintiffs serve and file any comments on such plan by October 28, 1977.