Ella METCALF et al., Plaintiffs,

v.

Joel EDELMAN et al., Defendants.

Mary K. GUNLOGSON et al., Plaintiffs,

v.

George APOSTALOS et al., Defendants.

Nos. 68 C 1226, 73 C 1603.

United States District Court, N. D. Illinois, E. D.

Oct. 2, 1974.

---

8. In the present situation the appropriate words would be "local counsel".

Jonathan M. Hyman, Northwestern Legal Assistance Clinic, and Robert W. Bennett, Chicago, Ill., for Ella Metcalf, and others.

Allen L. Ray, Michael R. Lefkow, Chicago, Ill., for Mary K. Gunlogson, and others.

William J. Scott, Atty. Gen. of Ill., William A. Wenzel, George L. Grumley, Chicago, Ill., for Joel Edelman and George Apostalos, and others.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on plaintiffs' motion to determine a class pursuant to Rule 23, Fed.R.Civ.P. For the reasons set forth below, plaintiffs' motion shall be denied.

Briefly stated, these actions are consolidated cases brought by public aid recipients. Defendants are the respective directors of the Illinois, DuPage County and Cook County Departments of Public Aid. The plaintiffs allege that they cannot obtain housing compatible with health and well-being under the existing shelter system provided by defendants, and plaintiffs seek declaratory and injunctive relief against the state welfare officials.

Plaintiffs have dropped Counts II and III of the original complaint. Count I, the only remaining count, alleges that defendants have failed to provide plaintiffs with a livelihood compatible with health and well-being by refusing to furnish to plaintiffs exceptions to the $97.-00 shelter maximum imposed by statute.[1]

---

1. Ill.Rev.Stat. ch. 23, § 12–4.11 and § 12–14 authorize deviations from shelter limitations imposed by § 12–4.11. Sections 12–4.11 and 12–14 were interpreted in Metcalf v. Swank,

Defendants have virtually eliminated shelter exceptions with the inception of the Consolidated Standard Plan, and plaintiffs allege that this new plan merely perpetuates the effect of the alleged abuses of the exception system. Further, plaintiffs allege that defendants have administered the shelter exception program in an arbitrary and capricious manner, violating statutory and constitutional standards.

Defendants contend that a class action is not necessary in this cause. However, the Seventh Circuit has recently said that "[i]f the prerequisites and conditions of Fed.R.Civ.P. 23 are met, a court may not deny class status because there is no 'need' for it." Fujishima v. Board of Education, 460 F.2d 1355, 1360 (7th Cir. 1972).

■■■ A definition of the class is necessary before a determination can be made as to whether a class action is proper under Rule 23, Fed.R.Civ.P. It is within the prerogative of the court to construct a definition of the class. Hicks v. Crown Zellerbach Corporation, 49 F.R.D. 184, 196 (E.D.La.1968). Rule 23 of the Federal Rules of Civil Procedure delineates the prerequisites for a class action. First, the proposed class must be so numerous that joinder of all members is not practicable. Second, it must appear to the court that there are questions of law or fact common among the class members. Third, the claims of the representatives must be typical of the claims of the class. Fourth, the representative parties must fairly and adequately protect the interests of the class. In addition, one of the requirements of Rule 23(b) must be satisfied.

Plaintiffs' attempts to define a proper class illustrate the futility of the task. Such definitions are:

(1) those public aid recipients who are unable to obtain housing compatible with health and well-being with the allowance provided by defendant;

(2) those who, because of the size of their families and where they live, cannot obtain required housing with the portion of the Consolidated Standard Plan calculated to meet shelter costs;

(3) those who did not obtain shelter exceptions they should have had prior to the inception of the Consolidated Standard Plan, and also those for whom the Consolidated Standard Plan shelter component is inadequate; and

(4) those who should have had rent exceptions subsequent to the inauguration of the Consolidated Standard Plan.

■■ A class must be capable of concise and exact definition. *See, e. g.,* Eisman v. Pan American World Airlines, 336 F.Supp. 543, 547 (E.D.Pa. 1971); Williams v. Page, 60 F.R.D. 29, 34–35 (N.D.Ill.1973). Each definition proffered by plaintiffs calls for a conclusion, *e. g.,* who were the recipients who could not obtain housing compatible with health and well-being, who should have had shelter exceptions, etc. Before an adequate determination can be made of who is a class member, this court would be required to make an adjudication that a particular class member was denied a livelihood consistent with health and well-being because such plaintiff was not granted a shelter exception.

■■ The inability to define concisely a proper class to bring this action precludes plaintiffs from fulfilling all the requirements of Rule 23. Obviously, there is no common issue of law since separate adjudications are required to determine if a particular plaintiff is being deprived of a livelihood compatible with health and well-being and is thus a

293 F.Supp. 268 (N.D.Ill.1968), to require defendant welfare officials to grant an exception to the shelter maximum whenever

such exception is needed to provide a livelihood compatible with health and well-being.

member of the class. Also, this court can find no issue of fact common to the class members since varying circumstances surround the denial of the individual shelter exceptions.

Thus, the Rule 23(a)(2) common question of law or fact requirement is not met. Since failure to meet any one of the Rule 23(a) requirements is sufficient to deny to plaintiffs class action status, this court need not make a determination as to whether the other Rule 23 requirements are fulfilled.

IT IS THEREFORE ORDERED that plaintiffs' motion for an order determining that this action be maintained as a class action under Rule 23 shall be, and the same is hereby, denied.

