**ALLIANCE TO END REPRESSION et al., Plaintiffs,**

v.

**James ROCHFORD et al., Defendants.**

**AMERICAN CIVIL LIBERTIES UNION et al.**

v.

**CITY OF CHICAGO et al.**

**Nos. 74 C 3268 and 75 C 3295.**

United States District Court, N. D. Illinois, E. D.

Oct. 14, 1976.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Robert J. Vollen, Lois Lipton Kraft, Robert C. Howard, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, Samuel K. Skinner, U. S. Atty., Thomas A. Dent, Asst. U. S. Atty., James L. Coghlan, Chicago, Ill., Jonathan B. Smith, Dept. of Justice, Civ. Div., Sp. Litigation Section, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on two motions; (1) plaintiffs' motion to modify the Protective Order entered by this Court on July 31, 1975, and (2) plaintiffs' objection to the extension of the Protective Order to certain defendants' depositions pursuant to Rule 26(c), Federal Rules of Civil Procedure.

On July 31, 1975 Judge Flaum entered the Protective Order which limited disclosure of documents produced in discovery. The Order provided that access to such documents should be limited to plaintiffs' attorneys. The Order further provided that the Court would review its Order if plaintiffs' attorneys could demonstrate legitimate reasons for disclosure of documents to persons other than themselves.

In September, 1975 defendants moved to extend the Protective Order to cover depositions of three Police Department Intelligence Division agents. On December 16, 1975 defendants moved to extend the Protective Order to all discovery taken in the case, not simply to documents; that motion was denied without opinion. On April 15, 1976 defendants moved for a protective order with regard to certain interrogatories. In light of the constant stream of motions dealing with protective orders, on July 1, 1976 this Court ordered the parties to brief all issues pertaining to modification of the July 31 Protective Order so that one definitive Order could be issued and thereby prevent piecemeal determinations. The necessity of such an order again became clear on October 12, 1976 when defendants made a motion for a protective order over an additional deposition.

## I. PARTIES' ARGUMENTS

### A. *Alliance* Plaintiffs' Modification Arguments

*Alliance* plaintiffs adopt arguments raised in earlier briefs and further argue that the Protective Order previously entered should be modified in the following respects:

(1) Plaintiffs' attorneys should now be permitted to consult with and disclose to each plaintiff his own and only his own file. Only plaintiff (and not his attorney) would have the authority to disclose information in the file to the public.

(2) Plaintiffs should be permitted to disclose only that information which pertains to their own activities. Names of third parties would be deleted before the dissemination of any information to the public.

(3) Motions or court documents referring to information produced by defendants should initially be filed with the Court and the Court would then determine whether papers contain confidential information. If the documents were found to contain confidential information the Court would not docket the motion; if they were not found to contain confidential information the Court would docket the motion.

City defendants agree that the Protective Order should be modified to allow disclosure to each plaintiff named in the documents. However, defendants argue that any such disclosure to organizational plaintiffs should be limited to the "governing group" of the organization. In addition, defendants oppose lifting the Protective Order to allow *any* disclosure to the public.

## B. *ACLU* Plaintiffs' Modification Arguments

*ACLU* plaintiffs argue that this Court should adopt an order allowing full disclosure of information to both named and unnamed members of plaintiff class. These plaintiffs also urge that past and present officers of plaintiff organizations be given access to documents regarding their organization and that the officers decide whether to reveal the information to the general membership and/or to the public.

Federal defendants agree that the Protective Order should allow for communication among plaintiffs and their attorneys, but oppose the release of information to the general public. Specifically these defendants are concerned that such release would deter citizens from reporting incidents which they believe to be unlawful. Federal defendants state that:

It requires scant judicial notice to conclude that public release of investigatory records at the mere filing of a civil suit would quickly evaporate public assistance enjoyed by law enforcement agencies. Cooperation by the public . . . has generally been pursued in the realm of confidentiality . . . for the purpose of citizen protection. (Federal Defendants' Memorandum of Points and Authorities in Support of Entry of a Protective Order at p. 5.)

Federal defendants also have submitted for the Court's consideration copies of protective orders entered in other civil litigation involving federal investigatory bodies.

## C. Summary of the Arguments

After careful examination of the parties' briefs this Court finds that the parties agree that plaintiffs should be informed of all discovery materials which pertain to those plaintiffs. However, the parties do not agree on the issue of dissemination of those materials or their contents to the general public. This Court is therefore called upon to decide whether defendants have adequately shown that they are entitled to a protective order limiting public disclosure of discovery materials and, if so, what form that protective order should take.

## II. THE LAW ON PROTECTIVE ORDERS

Rule 26(c), Federal Rules of Civil Procedure, provides that:

Upon motion by a party . . . and *for good cause shown,* the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including one or more of the following:

.    .    .    .    .

(2) That the discovery may be had only on specified terms and conditions. [emphasis added]

██ Generally, all documents filed and proceedings held in federal civil litigation are open and a matter of public record, *Olympic Refining Company v. Carter,* 332 F.2d 260 (9th Cir. 1964). Absent a showing of good cause there can be no limitation on

public access to judicial proceedings and documents. The burden of showing good cause rests on the movant, *General Dynamics Corp. v. Selb Manufacturing Company,* 481 F.2d 1204 (8th Cir. 1973).

City and federal defendants contend that the protection of arguably valid governmental activities constitutes good cause for the issuance of a protective order. Federal defendants further contend that public revelation of details of governmental activities would disrupt law enforcement procedures and destroy the confidence of concerned citizens who report to government officials on the understanding that such reports will be treated confidentially.

Plaintiffs argue that the only valid reason for limitation of access to discovery materials is the protection of the privacy of persons and organizations who have been subjects of alleged government surveillance. Plaintiffs therefore contend that the privacy interest is protected when each individual decides whether to reveal information that pertains to him personally. Plaintiffs also contend that disclosing discovery data to past and present officers of the organization and allowing those officers to decide whether to disclose the information to the organizations' membership and/or the public similarly protects the organizations' privacy interest. Plaintiffs cite *Chicago Council of Lawyers v. Bauer,* 522 F.2d 242 (7th Cir. 1975), for the proposition that the First Amendment dictates public access to judicial proceedings.

■ This Court does not agree that *Bauer* mandates full public disclosure of all phases of judicial proceedings. In *Bauer* the Seventh Circuit was faced with challenges to rules which dictated that attorneys make "no comment" about certain phases of civil litigation. The Court there recognized that such "no comment" rules (and by implication other restrictions on disclosure to the public) are constitutionally impermissible if they "presumptively prohibit" comment without regard to the necessity of prohibition. That is not the case here. Defendants have not relied on a presumption that disclosure of discovery materials should be limited, but rather have

presented arguments in support of limited disclosure. Therefore the issuance of a protective order is not constitutionally proscribed by *Bauer.*

## III. CONCLUSION

Upon careful consideration of the briefs and arguments of the parties, this Court is of the opinion that a protective order is necessary.

■ The Protective Order does not restrict plaintiffs from revealing personal information to persons of their own choosing. The Court agrees that the only protectible interest as to personal data is the interest of individual or organizational plaintiffs in constitutionally protected privacy. Allowing plaintiffs to choose whether to reveal personal data obtained by government entities will adequately protect that interest.

However, this Court is of the opinion that until a judicial determination is made as to the constitutional validity of defendants' surveillance activities, the Court should protect the system by which such data is gathered. Revelation of that system prior to a judicial determination of unconstitutionality would effectively destroy defendants' information-gathering system. Since plaintiffs have sought both a declaration that the defendants' information-gathering activities are unconstitutional and an injunction restraining those activities, the revelation of defendants' system would effectively amount to granting plaintiffs the requested relief prior to such judicial determination. This should not be permitted at this time for the reasons stated above.

Accordingly, the Protective Order of July 31, 1975 is hereby vacated and the Order attached to this Opinion is entered.

## ORDER

Upon consideration of the briefs submitted by the parties pursuant to the Court's Order of July 1, 1976, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

(1) Paragraph 4(b) of Pretrial Order No. 2 entered July 1, 1976 is hereby set aside. The Protective Order entered by this Court on July 31, 1975 is hereby vacated.

(2) Plaintiffs' counsel may disclose any writings, recordings or their contents which contain the names of plaintiffs or members of plaintiff class to the subjects thereof. The "subject" of each writing or recording is defined as:

(a) any individual named in a writing or recording; or

(b) with respect to any organization named in a writing or recording, the organization's present or past officers, staff and governing body members.

(3) Any individual named in a writing or recording may elect to make further disclosure of that writing or recording or the contents thereof, but *only* insofar as it concerns that subject. That individual may *not* disclose the contents of the writing or recording insofar as the contents identify another individual or organization and insofar as the contents identify the system by which the information was obtained. The "system" is defined as:

All information produced by defendants in discovery which concerns the structure of the intelligence-gathering government entity and the manner or mechanics by which defendants gather, compile, record, or otherwise obtain information about plaintiffs' activities.

(4) Any organization named in a writing or recording may elect to make further disclosure of the writing or recording or the contents thereof, but *only* insofar as it concerns that organization. An organizational subject may *not* disclose the contents of the writing or recording to members of the organization or others insofar as the document identifies another individual or organization and insofar as the writing or recording identifies the system, as defined in paragraph (3) above, by which information was obtained.

(5) Prior to the dissemination of writings, recordings or the contents thereof to any plaintiff or class member, plaintiffs' counsel will deliver a copy of this Order to that plaintiff or class member and will explain the binding nature of this Order.

(6) Plaintiffs' counsel may adopt any more restrictive approach that they believe is in the best interest of members of plaintiff class.

(7) This Order does not prohibit plaintiffs' attorneys from discussing the writings, recordings or their contents with counsel who have participated or are participating in litigation of a similar nature so long as the following conditions are satisfied:

(a) Before disclosing the writings, recordings, or their contents to such outside counsel, plaintiffs' counsel will deliver a copy of this Order to such outside counsel and explain the binding nature of this Order;

(b) Before disclosing the writings, recordings, or their contents to such outside counsel, plaintiffs will obtain the consent of such counsel to the jurisdiction of this Court for the limited purpose of enforcing this Order;

(c) Such outside counsel may not disclose the writings, recordings, or their contents in any way.

(8) This Order in no way prohibits the parties from reporting any violations of law and any and all information relating to such violations to the appropriate law enforcement agency.