ALLIANCE TO END REPRESSION et
al., Plaintiffs-Appellees,

v.

James M. ROCHFORD, etc., et al.,
Defendants-Appellants.

AMERICAN CIVIL LIBERTIES UNION
et al., Plaintiffs-Appellees,

v.

Griffin B. BELL et al.,
Defendants-Appellants.

Nos. 77–1680 and 77–1679.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 30, 1977.

Decided Nov. 22, 1977.

Rehearing and Rehearing In Banc
Denied Feb. 13, 1978.

Thomas P. Sullivan, U. S. Atty., Chicago,
Ill., Robert E. Kopp, Jonathan B. Smith,
Attys., Dept. of Justice, Washington, D. C.,
William R. Quinlan, Corp. Counsel, Jerome
A. Siegan, Asst. Corp. Counsel, Chicago, Ill.,
for defendants-appellants.

Robert J. Vollen, Richard M. Gutman,
Robert C. Howard, Chicago, Ill., for plain-
tiffs-appellees.

Before SWYGERT and SPRECHER, Circuit Judges, and CROWLEY, District Judge.[*]

SPRECHER, Circuit Judge.

The only issue raised in this interlocutory appeal is whether the district court abused its discretion in certifying the plaintiffs' suits as class actions under Rule 23 of the Federal Rules of Civil Procedure.

I

This is a consolidated appeal of two class certification decisions by the same district court in separate, but quite similar, law suits. In both cases the plaintiffs are various individuals and organizations that claim that they, and others like them, have been the subjects of an institutionalized course and pattern of unconstitutional conduct[1] by the defendants, various city and federal investigative or intelligence-gathering agencies and their employees. Plaintiffs seek declaratory and injunctive relief against this allegedly unconstitutional course of conduct.[2]

Both suits have withstood motions to dismiss and both have been certified by the district court as class actions under subsections (b)(1)(A) and (b)(2) of Rule 23 of the Federal Rules. There are two classes of plaintiffs defined in each suit, and their definitions, with minor variations not relevant here, are as follows:

1. Plaintiff individuals.

The class represented by plaintiff individuals consists of all residents of the City of Chicago, and all other persons who are physically present within the City of Chicago for regular or irregular periods of time, who engage or have engaged in lawful political, religious, educational or social activities and who, as a result of these activities, have been within the last five years, are now, or hereafter may be, subjected to or threatened by alleged infiltration, physical or verbal coercion, photographic, electronic, or physical surveillance, summary punishment, harassment, or dossier collection, maintenance, and dissemination by defendants or their agents.

2. Plaintiff Organizations.

The class represented by plaintiff organizations consists of all organizations located or operating in the City of Chicago who engage or have engaged in lawful political, religious, educational or social activities and who, as a result of these activities, have been within the last five years, are now, or hereafter may be, subjected to or threatened by alleged infiltration, physical or verbal coercion, photographic, electronic, or physical surveillance, summary punishment, harassment, or dossier collection, maintenance, and dissemination by defendants or their agents.

The defendants in both cases moved the district court to reconsider its class certification order or alternatively to certify its order for appeal under 28 U.S.C. § 1292(b).[3] The district court denied the defendants'

---

[*] The Honorable John Powers Crowley, District Judge of the Northern District of Illinois, is sitting by designation.

1. The activities are alleged to include systematic dossier collection, maintenance and dissemination; use of infiltrators, informers, unlawful entries and electronic surveillance; and physical and verbal disruption and intimidation of plaintiffs' constitutionally protected speech and association.

2. In two of the counts in plaintiffs' complaint, money damages were sought, but the class action involved here was not certified as to those two counts.

3. That section provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . . .

28 U.S.C. § 1292(b).

motions to reconsider, but granted the defendants' motions to certify the orders for appeal. Defendants filed petitions for permission to file an interlocutory appeal which this court granted. Thus, this court properly has jurisdiction over this appeal under section 1292(b).

## II

In order for a suit to be certified as a class action in a federal court, it must satisfy all four of the requirements set out in Rule 23(a)[4] of the Federal Rules of Civil Procedure and, in addition, it must satisfy one of the conditions of Rule 23(b).[5] In reviewing a district court's decision to certify a particular class, our review is limited to whether there has been an abuse of discretion. *Crockett v. Green*, 534 F.2d 715, 718 (7th Cir. 1976); *King v. Kansas City S. Indus., Inc.*, 519 F.2d 20, 25 (7th Cir. 1975). Also, we must be mindful that the district court has the power at any time before final judgment to revoke or alter class certification if it appears that the suit cannot proceed consistent with Rule 23's requirements. Fed.R.Civ.P. 23(c)(1); *Walsh v. City of Detroit*, 412 F.2d 226 (6th Cir. 1969); *Kristiansen v. John Mullins & Sons, Inc.*, 59 F.R.D. 99 (E.D.N.Y.1973). Defendants ar-

gue that the district court has already abused its discretion in certifying these suits as class actions because they allegedly violate the requirements of Rule 23 in several respects. Since we disagree with each of defendants' contentions, we affirm the district court's order certifying these classes.

■ Defendants initially argue that the district court's description of the classes of plaintiffs is too vague to define any ascertainable class. While there is nothing explicit in Rule 23 regarding this contention, many courts have held that there is a "definiteness" requirement implied in Rule 23(a).[6] *See, e. g., DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *Ihrke v. Northern States Power Co.*, 459 F.2d 566, 572 (8th Cir.), *vacated as moot*, 409 U.S. 815, 93 S.Ct. 66, 34 L.Ed.2d 72 (1972); *Metcalf v. Edelman*, 64 F.R.D. 407, 409–10 (N.D.Ill.1974); *Chaffee v. Johnson*, 229 F.Supp. 445, 448 (S.D.Miss.1964), *aff'd* 352 F.2d 514 (5th Cir. 1965) (per curiam). We do not disagree with that conclusion of law. However, whether the description of a class is sufficiently definite to permit ascertainment of the class members must, of necessity, be determined on a case-by-case basis. We hold that the classes described by the

---

**4.** Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). There is no dispute in this case regarding requirements (1), (3) and (4).

**5.** Given our disposition of this case, we need only concern ourselves with subsection (b)(2)'s requirements. That subsection reads as follows:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the class as a whole . . . .

The district court certified these classes under both 23(b)(1)(A) and (b)(2), but since we hold that the suit is properly certified under Rule 23(b)(2), we decline to pass on the appropriateness of the 23(b)(1)(A) certification.

**6.** It is not clear whether the source of this implied requirement is the express "common issue of law or fact" requirement of Rule 23(a)(2) or more simply something inherent in the very notion of a "class." *Compare Metcalf v. Edelman*, 64 F.R.D. 407, 409–10 (N.D.Ill. 1974) *with DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). Less problematic, however, is the justification for such a requirement. Since the outcome of a class action suit is res judicata as to all unnamed class members, it is crucial to have a clear definition of what groups or individuals are members of the class. *See* 3B Moore, Federal Practice ¶ 23.40, at 98 (Supp.1976–77): "The definition of the class represented is important, of course, when the defendant loses, since it marks the boundaries of res judicata."

district court are sufficiently clear to satisfy any definiteness requirement of Rule 23.

The important distinguishing characteristic of these two classes is that their scope is defined by the activities of the defendants. They include only those individuals and organizations operating in Chicago that have been subjected to the alleged pattern of unconstitutional harassment by the defendants. This fact alone distinguishes all of the cases cited by defendants, places this case squarely within this court's previous holding in *Illinois Migrant Council v. Pilliod*, 540 F.2d 1062 (7th Cir. 1976), *modified in part on rehearing en banc*, 548 F.2d 715 (7th Cir. 1977) (equally divided court), and creates the most compelling policy argument for certifying this class.

In those cases in which class certification has been denied on account of indefiniteness, the primary defect in the class definition has been that membership in the class was contingent on the state of mind of the prospective class members. *See, e. g., De-Bremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *Vietnam Veterans Against the War v. Benecke*, 63 F.R.D. 675, 679–80 (W.D.Mo.1974); *Eisman v. Pan American World Airlines*, 336 F.Supp. 543, 547 (E.D. Pa.1971). In *Chaffee v. Johnson*, 229 F.Supp. 445 (S.D.Miss.1964), *aff'd*, 352 F.2d 514 (5th Cir. 1965) (per curiam), the purported class included "workers for the end of discrimination and segregation in Mississippi, for the encouragement of the exercise by Negroes in Mississippi of their right to vote . . . and for the exercise and preservation of civil rights generally in Mississippi." *Id.* at 448. The court concluded:

> The vague and indefinite description of the purported class depends upon the state of mind of a particular individual, rendering it difficult, if not impossible, to determine whether any given individual is within or without the alleged class. *Id.*[7]

In our case membership in the classes certified by the district court is based exclusively on the defendants' conduct with no particular state of mind required. Thus, there is no definiteness problem, as read into Rule 23 by other courts, created by these classes.

That conclusion is reinforced by this court's holding in *Pilliod, supra*. There the class at issue consisted of all persons of Spanish surname in the Northern District of Illinois. The plaintiffs alleged that the class had been subjected to a "pattern and practice of harassment." 540 F.2d at 1065. This court held that the class was neither "ill-defined" nor "amorphous" because it "consists of all individuals who by virtue of defendants' policy are likely to be subjected to the illegal conduct." *Id.* Thus, this court has made it clear that a class that satisfies all of the other requirements of Rule 23 will not be rejected as indefinite when its contours are defined by the defendants' own conduct.

Any other conclusion in this situation would give rise to an extremely incongruous result. To hold as defendants request would permit class action certification to be avoided by a potential defendant merely by expanding the scope of his illegal conduct in order to make the class of plaintiffs less well-defined. We reject any such result by holding that the classes certified by the district court are sufficiently definite to satisfy Rule 23.

### III

■ Defendants contend that there are no common questions of fact or law. It is

---

7. Similarly, in *Koen v. Long*, 302 F.Supp. 1383 (E.D.Mo.1969), *aff'd*, 428 F.2d 876 (8th Cir. 1970) (per curiam), the court held uncertifiable a class of plaintiffs who "belong to organizations which . . . [allegedly] are unpopular with defendants, and who . . . wish to continue participating . . . in activities which are controversial and unpopular with defendants . . . ." The court reasoned:

> The deficiency here urged by the defendants is precisely this one stated in *Chaffee*. Such

a defect is even more pronounced here where membership in the class is dependent both upon the state of mind of the particular individual involved and upon the state of mind of the particular defendant involved in a situation in which it is perfectly apparent that the defendant's individual opinions as to any given organization may differ.
*Id.* at 1388–89.

their view that this suit really involves an aggregation of individual claims, as is often the case in securities law and antitrust suits. *See, e. g., Feldman v. Lifton,* 64 F.R.D. 539 (S.D.N.Y.1974); *Morris v. Burchard,* 51 F.R.D. 530 (S.D.N.Y.1971); *Kekich v. Travelers Indemnity Co.,* 64 F.R.D. 660 (W.D.Pa.1974). Defendants argue that the variety of practices complained of (*see* note 1 *supra*) and the variety of constitutional amendments allegedly violated make this suit inappropriate as a class action.

Defendants' arguments ignore the gravamen of plaintiffs' complaint—the existence of an unconstitutional pattern and practice of intelligence gathering concerning various law abiding organizations and individuals. It is this pattern of unconstitutional activity, fostered by the existence of a conspiracy among various federal and state agencies, that creates the common question of law or fact sufficient to satisfy Rule 23.[8]

Once that common issue of law or fact is alleged it makes no difference that a variety of specific activities are complained of or constitutional violations are alleged. *See Pilliod, supra* at 1066–67; *Medrano v. Allee,* 347 F.Supp. 605, 610 (S.D.Tex.1972), *aff'd on other grounds,* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); *Green v. Cauthen,* 379 F.Supp. 361, 372 (D.S.C.1974). We feel that the analysis of the Ninth Circuit regarding the common question of law or fact requirement in a securities case is equally appropriate here. "The common question requirement should not be restrictively interpreted . . . [when] to do so would eliminate the class action deterrent for those who engage in complicated and imaginative rather than straightforward schemes to" violate constitutional

rights. *Blackie v. Barrack,* 524 F.2d 891, 903 n. 19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).[9]

### IV

In a similar vein, defendants argue that the disparate claims involved in this case preclude a finding that "the party opposing the class has acted . . . on grounds generally applicable to the class . . ." as required by Rule 23(b)(2). Defendants again focus on the individual qualities of this suit and ignore the "pattern or practice" characteristic of defendants' conduct that is "generally applicable to the class." *See Medrano v. Allee, supra; Green v. Cauthen, supra.*

### V

Defendants, relying on *Boshes v. General Motors Corp.,* 59 F.R.D. 589 (N.D. Ill.1973), also argue that the size of this class makes it unmanageable. This argument is frivolous. First, *Boshes* was a (b)(3) class action for damages where manageability is a serious concern. Second, *Boshes* dealt with a suit involving a conservative estimate of between 30 and 40 million plaintiffs whereas here, the plaintiff class will likely be in the thousands. Third, this court previously has rejected the notion that the size of the plaintiff class, alone, is sufficient to bar certification even in (b)(3) class actions. *Appleton Electric Co. v. Advance-United Expressways,* 494 F.2d 126, 135 n. 14 (7th Cir. 1974). In *Appleton* the plaintiff class of shippers numbered "perhaps several million." *Id.* at 127.

### VI

Defendants' final argument is that the district court can fashion relief suffi-

---

8. For purposes of class certification, we cannot consider the merits of the plaintiffs' lawsuit. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir.), *cert. denied, Glen Alden Corp. v. Kahan,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *Bogosian v. Gulf Oil Corp.,* 62 F.R.D. 124, 130 (E.D.Pa.1973).

9. Defendants also argue that since the constitutional rights alleged to have been violated are

all individual rights there is no common question of law or fact. This argument, if adopted, would put a halt to almost all class actions under Rule 23(b)(2) since that rule is devoted primarily to civil rights class actions which allege violations of constitutional rights. *See* Advisory Committee Notes to the 1966 Amendments to Rule 23. Defendants' argument also overlooks the alleged pattern and practice of unconstitutional activity.

ciently broad to take account of all potential members of this class and, therefore, there is no need to certify this case as a class action. Defendants here rely heavily on the district court's decision in *Berlin Democratic Club v. Rumsfeld*, 410 F.Supp. 144 (D.D.C.1976). There the court declined to certify a class that was quite similar to the one involved in this case [10] both because there was no "need" for the class in order to fashion adequate relief and because there would be substantial burdens on the parties and the court "due to the discovery problems that will inevitably arise." *Id.* at 164. With all due respect to that court, we decline to follow its analysis.

It is our view that while there may be appropriate cases in which there is no "need" to have a suit brought as a class action, this is not one of them. Some federal courts have adopted the view that a class should not be certified for want of "need." *See, e. g., Berlin Democratic Club, supra; Stewart v. Wohlgemuth*, 355 F.Supp. 1212 (W.D.Pa.1972); *Gray v. Int'l Brotherhood of Elec. Workers*, 73 F.R.D. 638 (D.D.C. 1977). *See generally* 3B Moore, Federal Practice ¶ 23.40, at 91–94 (Supp.1976–77). Those cases, however, provide very little explanation of when a "need" for a class action exists.

Without attempting an exhaustive examination of the "need" requirement, we suggest two factors that may assist in making this determination. First, it is important to note whether the suit is attacking a statute or regulation as being facially unconstitutional. If so, then there would appear to be

little need for the suit to proceed as a class action. In such a situation, it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the statute's enforcement. If, however, the suit is based on the constitutionality of a statute as applied or of a general practice, as is the case here, then the scope of the appropriate remedy can be defined more clearly by reference to the definition of the plaintiff class.[11]

Second, if the institution of the suit as a class action affects the admissibility of evidence at trial, then the class should be certified. In this case, there might be some doubt about the relevance to the named plaintiffs' suit of evidence relating to alleged harassment or illegal investigation of non-named individuals or organizations. Since discovery in this case is still in the formative stages, it would seem premature to say that there is no need, as an evidentiary matter, for this suit to be brought as a class action. For both of these reasons, we conclude that this action satisfies whatever "need" requirement exists under Rule 23(b).

With regard to the court's conclusion in *Berlin Democratic Club* that the burdens of discovery should be a factor, we disagree that that should be a consideration in this type of a case. It is the scope of the defendant's alleged illegality that has created the need for extensive discovery. The scope of the illegality should not now shield the defendant from defending against a class action.[12]

---

**10.** The proposed class in that case was

all United States civilians currently or formerly residing in the Federal Republic of Germany and the City of West Berlin who engage or have engaged in lawful, constitutionally protected political, religious, educational and social activities . . . and who as a result of these activities have been, are now or hereafter may become, the subjects of covert physical or electronic surveillance by the defendants and their agents, resulting in the maintenance and dissemination of dossiers, reports and files about them and their constitutionally protected activities in and from defendants' data banks and intelligence network.

410 F.Supp. at 163.

**11.** *See Ridgeway v. International Brotherhood of Electrical Workers, Local 134*, 74 F.R.D. 597 (N.D.Ill.1977) (requirement of "need" held to be generally inappropriate in suits for injunctive relief brought under Title VII of the Civil Rights Act of 1964).

**12.** We are not unmindful of the potential burden that this suit can create. However, we are quite confident that the district court will take pains to guarantee that discovery will continue for only so long as is absolutely necessary and will not permit it to be used as a device to harass or unduly inconvenience the defendants.

We should also note that defendants argue that these classes should not be certified because of the privacy interests of the unnamed

In light of all of the above, we conclude that the district court did not abuse its discretion in certifying these two classes and therefore we affirm its order.

AFFIRMED.

members of plaintiffs' classes. There are two responses to that argument. First, accepting plaintiffs' allegations as true, it seems to us too late in the game for defendants to acquire now a zealous concern for the interest in privacy of these plaintiffs whose privacy they have literally destroyed. Second, the district court has already taken significant precautions—it issued a protective order strictly limiting dissemination of personal files to the subjects thereof and their attorneys—to insure against undue invasion of privacy. *See also Alliance to End Repression v. Rochford*, 75 F.R.D. 431 (N.D.Ill. 1976) (an additional order further restricting public disclosure of discovered files).