INTERNATIONAL MOLDERS' AND ALLIED WORKERS' LOCAL UNION NO. 164, et al., Plaintiffs,

v.

Alan NELSON, Commissioner, Immigration and Naturalization Service (INS), et al., Defendants.

No. C–82–1896 RPA.

United States District Court, N.D. California.

Dec. 19, 1983.

Dan Boone, David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, John E. Huerta, Joaquin G. Avila, Morris J. Baller, Susan E. Brown, Mexican Americal Legal Defense & Educ. Fund, San Francisco, Cal., Charlotte Fishman, Berkeley, Cal., Morton Cohen, Golden Gate University Constitutional Law Clinic, San Francisco, Cal., David Grabill, California Rural Legal Assistance, Santa Rosa, Cal., William R. Tamayo, Lynette Jee, Asian Law Caucus, Inc., Oakland, Cal., Margaret C. Crosby, Alan L. Schlosser, Amitai Schwartz, American Civil Liberties Union Foundation of Northern California, David Berry, Kip ‘Steinberg, Marc Van Der Hout, William May, National Lawyers Guild, Park, Fong & May, San Francisco, Cal., for plaintiffs.

Patrick R.S. Bupara, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## OPINION AND ORDER

AGUILAR, District Judge.

Plaintiffs bring this action challenging the legality of raids on workplaces conducted by the United States Immigration and Naturalization Service (INS) and the United States Border Patrol for the purpose of searching for and arresting undocumented aliens. This action is currently before the Court on plaintiffs' motion for certification of a plaintiff class.

The named plaintiffs to this action are: a labor union that represents a number of the employees who are subjected to the allegedly illegal raids; four businesses whose premises were the location of the raids; a businessman whose premises were the location of a raid; and nine individuals who were subjected to defendants' raids. The defendants to the action are: the Commissioner, Deputy Commissioner, and Regional Commissioner of the INS; the District Director, Deputy District Director and Assistant District Director of the San Francisco District Office of the INS; and the Chief Border Patrol Agent of the Livermore Sector.

Plaintiffs allege that the INS and Border Patrol, as part of their authority to execute the federal immigration laws, conduct raids, denominated by them as "surveys" or "are control operations," on workplaces believed to employ illegal aliens from Mexico. Plaintiffs allege that defendants conduct the raids, or surveys, in a systematic and uniform fashion. Specifically, in conducting the raids, agents of defendants surround the workplace, block all entrances and exits to the workplace, enter the workplace in force to interrogate all persons inside who appear to be Hispanic or of Latin origin, and arrest those persons believed by agents to be in the United States illegally. Plaintiffs further contend that the surveys are often conducted without warrant, or by an insufficient warrant, or with the coerced consent of the employer. According to plaintiffs, once inside the workplace, defendants' agents indiscriminately approach and question all employees who are of Hispanic or Latin appearance. Because of the "panicky" nature of the raid, violence often ensues when the agents prevent employees from leaving the workplace. Employees are questioned without advice of rights, and are coerced into waiving their rights. Persons who cannot positively prove their status as citizens or otherwise as lawful residents of the United States are arrested and immediately subject to deportation. Often plaintiffs, United States citizens and lawful resident aliens are unlawfully detained, interrogated, harassed, assaulted, transported and falsely arrested solely because of their race, national origin, ancestry and/or language. The sweeping nature of the raids illegally reserves the process of releasing persons not deportable until after completion of the raid.

Plaintiffs allege that defendants' practices violate the Fourth Amendment and violate constitutional guarantees regarding the right to be free from unlawful discrimination. Plaintiffs seek declaratory and injunctive relief to halt the illegal practices of defendants, as well as monetary damages.

At this time plaintiffs ask the Court to certify a plaintiff class so that this action may proceed in part as a class action. Plaintiffs' proposed definition of this class is:

all persons of Hispanic or other Latin American ancestry, residing or working within the jurisdiction of the San Francisco District Office of the United States Immigration and Naturalization Service (INS) and/or the Livermore Border Patrol Sector, who have in the past, are now, or may in the future be subjected to the policies, practices and conduct of INS and/or the Border Patrol during the course of INS area control operations directed at places of employment.

The proposed representatives of this class are the nine named plaintiffs who were allegedly subjected to defendants' ille-

gal practices in conducting the surveys. It should be noted that these individuals, as named plaintiffs and not as class representatives, seek monetary damages for the alleged violations of their constitutional rights. The proposed plaintiff class seeks only declaratory and injunctive relief, and makes no claim for monetary damages.

Federal Rule of Civil Procedure 23(a) provides for actions brought by a class of plaintiffs where: (1) the class is so numerous that joinder of all members is impracticable (the "numerosity requirement"); (2) there are questions of law or fact common to the class (the "commonality" requirement); (3) the claims or defenses of representative parties are typical of the claims or defenses of the class (the "typicality requirement"); and (4) the representative parties will fairly and adequately protect the interests of the class (the "adequacy of representation requirement"). Fed.R. Civ.P. 23(a).

Each of these four prerequisites set forth in Rule 23(a) must be found to be satisfied before the Court may permit an action to proceed as a class action, and in addition one of the provisions of Rule 23(b) must be satisfied. Plaintiffs assert that their class action lawsuit satisfies subsection (2) of Rule 23(b) which provides:

> the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Whether the proposed plaintiff class satisfies each of the five requirements for class certification is discussed below.

*The Numerosity Requirement*

■ The numerosity requirement is met where it is determined that joinder of all class members as parties to a single action is impracticable. Fed.R.Civ.P. 23(a)(1). Joinder need not be impossible; rather, it is sufficient if the difficulty or inconvenience of joining all members of the class makes class litigation desirable. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir.1964).

Though satisfaction of the numerosity requirement is not dependent upon any specific number of proposed class members, where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will generally be found to be met. 3B Moore's Federal Practice, ¶ 23,95[1] (2nd Ed.1948). Additionally, where the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met. *Jack v. American Linen Supply Company*, 498 F.2d 122, 124 (5th Cir.1974).

■ Discovery conducted in this case has revealed that at least 456 persons of Mexican or Latin American heritage were detained and questioned during the raids conducted thus far by defendants. Joinder of 456 persons as plaintiffs to this action would be extremely inconvenient, as it would be expensive and burdensome to ι. parties, and it would create massive organizational problems for the Court. *See Harris v. Palm Springs Alpine Estates*, 329 F.2d at 913; *In re Itel Securities Litigation*, 89 F.R.D. 104, 112 (N.D.Cal.1981); *In re Gap Stores Litigation*, 79 F.R.D. 283, 302 (N.D.Cal.1978). Additionally, the proposed class includes unknown and unnamed future members, making a conclusion that joinder is impracticable particularly compelling. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1320 (9th Cir.1982), *judgment vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982). Class litigation of this lawsuit is highly desirable. Accordingly, for all the above reasons, the Court finds that the numerosity requirement of Rule 23(a)(1) is satisfied.

*Commonality Requirement*

■ Rule 23(a)(2) requires that there be questions of law or fact common to the class before the action may proceed as a class action. The commonality requirement does not mean that all questions of law and fact must be common to class members, *Jordan v. County of Los Ange-*

*les,* 669 F.2d at 1320, but rather, the commonality requirement can be found to be met where only one of many issues of law or fact is common to all class members. *Blackie v. Barrack,* 524 F.2d 891, 904 (9th Cir.1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *Wilcox Development Co. v. First Interstate Bank of Oregon,* 97 F.R.D. 440, 443 (D.Or.1983).

In the present case common issues of fact include: whether persons are detained and interrogated solely or primarily because of their Hispanic or Latin ancestry; whether defendants coerce persons to waive their constitutional rights; and, whether defendants surround business premises without cause. Common questions of law include: whether defendants can surround or secure business premises without reasonable suspicion that the persons inside are illegal aliens; whether defendants can enter business premises without a legally sufficient warrant or consent; whether defendants can approach, detain and interrogate employees solely because of their Hispanic or Latin American ancestry; and, whether defendants must advise the employees of their constitutional rights before detaining and interrogating them.

Defendants assert that the commonality requirement is not met with respect to the proposed plaintiff class because analysis and proof unique to each individual class member will be required to resolve the merits of plaintiffs' lawsuit. Defendants have two bases for this assertion. First, defendants contend that constitutional rights are personal. Second, defendants contend that whether each class member's constitutional rights were violated is dependent upon individual items of proof such as the class member's appearance and conduct during the raid, whether the raid was pursuant to a warrant or consent, and whether the INS agents had articulable facts which led to the questioning and detention of each class member.

■ Where a class action is sought to be maintained pursuant to subsection (b)(2) of Rule 23, which authorizes a class action where the party opposing the class has acted on grounds generally applicable to the class thereby making injunctive and declaratory relief appropriate,[1] the personal character of constitutional rights is not a proper basis for negating the commonality, or any other, requirement for maintenance of a class action. Subsection (b)(2) was designed largely to permit maintenance of a class action as a vehicle for the redress of civil rights violations. *Alliance to End Repression v. Rochford,* 565 F.2d 975, 979, n. 9 (7th Cir.1977). To accept defendants' argument that the personal nature of constitutional rights precludes a finding of commonality would put an end to class litigation concerning deprivations of civil rights, a result that was clearly not intended by the draftees of Rule 23 and a result which cannot be countenanced by this Court. *See Id.*

■ Defendants' contention that the commonality requirement is not satisfied because individual items of proof will arise in determining the merits of each class member's claim is without merit for two reasons. First, as previously discussed, the commonality requirement will be found to be met when as few as one common issue of law *or* fact is present among members of the proposed class. *See, e.g., Blackie v. Barrack,* 524 F.2d at 904. In the present case, as the Court earlier set forth, there are numerous questions of law and fact common to the proposed plaintiff class. Second, even though individual factual circumstances may be present among class members, the commonality requirement is satisfied where it is alleged that the defendants have acted in a uniform manner with respect to the class. *Alliance to End Repression,* 565 F.2d at 979; *Midwest Community Counsel v. Chicago Park District,* 87 F.R.D. 457, 462 (E.D.Ill. 1980). In the present case plaintiffs allege a systematic and uniform practice of the defendants in conducting workplace raids, and allege that these uniform practices are the cause of the deprivation of constitution-

1. As earlier noted, plaintiffs seek certification of the proposed class pursuant to subsection (b)(2).

al rights suffered by the proposed plaintiff class. Thus, sufficient common questions of law and fact are present among class members to permit class litigation of the alleged constitutional deprivations.

Although there may be some legitimate individual factual differences among members of the proposed class, these issues are largely insignificant in resolving the class portion of the complaint in light of the fact that damages are not sought by the proposed class, and in light of the numerous important common issues of law *and* fact raised by the class portion of the complaint.

■ Accordingly, under the relatively relaxed standards in the Ninth Circuit for a finding of commonality, *see, e.g., Blackie v. Barrack*, 524 F.2d at 904, the Court finds that the commonality requirement of Rule 23(a)(2) is satisfied.

*Typicality Requirement*

■ Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class before a class action may be certified. The typicality requirement does not require that the named plaintiffs' claims be identical to those of all class members. Rather, the requirement will be met if the class representatives demonstrate that their claims and those of the class "are sufficiently parallel to insure a vigorous and full presentation of all potential claims for relief." *Sullivan v. Chase Investment Services of Boston, Inc.*, 79 F.R.D. 246, 257 (N.D.Cal.1978).

■ The typicality requirement is imposed to assure that the named representatives' interests are alligned with those of the class. *Wilcox Development*, 97 F.R.D. at 443–44.

■ Plaintiffs allege a uniform cause of conduct undertaken by defendants which has resulted in violations of constitutional rights common to all members of the class and class representatives. Therefore, the class representatives' claims arise from the same practice and course of conduct that forms the basis of the claims of the class, and the class representatives' claims are based upon the same legal theory as the claims of the class. The typicality requirement is met, and defendants' arguments to the contrary which are largely identical to their arguments with respect to the commonality requirement, must be rejected. *See Gibson v. Local 40, etc.*, 543 F.2d 1259, 1264 (9th Cir.1976).

The above conclusion is reached without considering the claims of two of plaintiffs' proposed class representatives: Corcino and Pera. Plaintiffs' counsel state in their Reply Memorandum in Support of Plaintiffs' Motion for Class Certification (filed May 5, 1983), that the gravamen of their case is "the unlawful and unconstitutional methods by which work site raids are carried out by defendants." (Reply, p. 2). However, the facts before the Court indicate that Corcino's constitutional rights were allegedly violated by his detention by defendants while driving his automobile across the San Mateo Bridge. Corcino's claim therefore does not arise out of defendants' policies and practices in workplace settings, and therefore Corcino's claims are not typical of those of the other plaintiff representatives or of those of the proposed plaintiff class.

Named plaintiff Pera's constitutional rights were allegedly violated by his detention by defendants while working in a field with an agricultural crew. The other proposed class representatives were the alleged victims of defendants' illegal practices in other than "open fields" workplaces. The legality of defendants' practices with respect to immigration raids on open-fields workplaces is the subject of a related lawsuit before this Court, *United Farm Workers of America v. Nelson*, C–82–4937 RPA. Though arguably Pera's claims do meet the typicality requirement as set forth in the *Jordan* and *Wilcox Development* cases, the Court is of the belief that the class portion of the present lawsuit would be better litigated if limited to defendants' practices with respect to workplaces other than open fields. Raids conducted by defendants in open fields may

implicate different Fourth Amendment issues than are raised with respect to raids conducted in other types of workplaces. Pera will not be prejudiced by excluding him as class representative in this lawsuit because his claims are the subject of the related litigation.

Rather than deny plaintiffs' motion for class certification because of the atypical character of Corcino and Pera as class representatives, the Court chooses to find that the proposed class satisfies the typicality requirement, absent Corcino and Pera as class representatives, for purposes of judicial expediency. So that plaintiffs will not be required to renotice their motion if they decide to drop Corcino and Pera as class representatives, the Court will conditionally grant the motion for class certification. The Court's order to become final upon an amendment to plaintiffs' complaint, within 10 days of the date of this Opinion, eliminating Corcino and Pera as class representatives. If plaintiffs choose not to so amend, the Court will deny the motion for class certification for failure of typicality.[2] The Court also suggests that the definition of the class set forth in the complaint be amended to challenge raids "directed at places of employment other than open fields."

*Adequacy of Representation Requirement*

■ The adequacy of representation prerequisite to class certification is satisfied where the Court finds that the representative class members are represented by qualified counsel, and that the named representatives' interests are not antagonistic to the interests of the class. *Jordan v. County of Los Angeles*, 669 F.2d at 1323; *Social Services Union v. County of Santa Clara*, 609 F.2d 944, 946–47 (9th Cir.1979); *and see Eisen v. Carlisle Jacquelin*, 391 F.2d 555, 562–63 (2nd Cir.1968).

There is no question that the representative class members are represented by qualified counsel. Counsel are attorneys from a number of public interest organizations that have made significant contributions to civil rights litigation. The quality of the memoranda and argument that the Court has thus far seen from plaintiffs' counsel convinces it that vigorous and competent representation is assured.

■ The Court also is convinced that there are no antagonistic interests between the proposed plaintiff class and its named representatives.[3] Defendants assert that antagonistic interests exist because not all members of the proposed plaintiff class believe that defendants' raids are objectionable, and because some members of the proposed class may have an interest in the jobs that other members of the class, by virtue of defendants' policies, will not be permitted to maintain. Such political and economic conflict among a proposed class and its representatives is always possible. However, absent a showing of a real probability of conflict that goes to the subject matter of the class lawsuit, such asserted antagonism is mere speculation, and cannot preclude class certification. *Social Services Union v. County of Santa Clara*, 609 F.2d at 948; *Gilchrist v. Bolger*, 89 F.R.D. 402, .409 (S.D.Ga.1981). If later discovered facts do reveal a true conflict, defendants may move to decertify the class at that time.

■ Defendants contend that plaintiffs' proposed class is too vague to permit class certification. The asserted vagueness is contained in the definition of the class as including *all* persons of Hispanic or Latin American ancestry. Plaintiffs do not merely define the proposed plaintiff class as all persons of Hispanic or Latin American ancestry, but as all persons of Hispanic or Latin American ancestry who have been, or may in the future be, affected by defendants' practices. Plaintiffs define the class by the activities of defendants. As so de-

---

**2.** Upon the expiration of this ten-day period, the appropriate party (plaintiffs if plaintiffs do amend and defendants if plaintiffs do not amend), shall submit a proposed order reflecting the appropriate final ruling on this motion.

**3.** This conclusion is reached in light of the Court's earlier conclusion that Corcino and Pera not be included as class representatives.

fined, the class is not vague. *Illinois Migrant Council v. Pilliod*, 540 F.2d 1062, 1072 (7th Cir.1977).

Defendants also contend that adequacy of representation is not present because no proposed class representative adequately represents the Hispanic citizens or otherwise lawful residents of the judicial district of the Northern District of California. Only one of the named class members is alleged to be a United States citizen,[4] and that individual was subjected to a raid outside of the Northern District. The remaining class representatives are not alleged to be lawful residents of the United States. Defendants' argument here appears to consist of two objections to class certification. The first is that a class action cannot be maintained on behalf of aliens. However, at the hearing on this motion, counsel for defendants concurred with plaintiff that such an action could be maintained.

Defendants' second objection pertains to the geographic scope of the class, the defendants asserting that this Court has no jurisdiction to enjoin their activities that occur outside of the Northern District. As previously discussed, plaintiffs define the proposed class by the activities of defendants. The proposed class consists of persons residing or working within the jurisdiction of the San Francisco District Office of the United States Immigration and Naturalization Service and/or the Livermore Border Patrol Sector. The San Francisco District Office of the INS is within the Northern District. The fact that some of the raids conducted by the Office are conducted outside the Northern District does

not alter this Court's jurisdiction. Decisions where to conduct raids and how those raids will be conducted are made within the Northern District. Thus, the Court has jurisdiction to review those decisions. The same is true with respect to the Livermore Border Patrol Sector. The allegations of plaintiffs, and the evidence before the Court, indicate that the involvement of the Border Patrol in the raids is determined by the Regional Director of the INS, who is based in San Francisco. In light of these facts, the Court's jurisdiction is proper, and certification of the proposed plaintiff class is thereby appropriate.

■■■ For the above reasons, the Court finds that the adequacy of representation requirement of Rule 23(c)(4) is satisfied.[5]

*Subsection (b)(2)*

There is no question that plaintiffs' proposed class action meets the requirements of subsection (b)(2) of Rule 23. Plaintiffs challenge policies and procedures generally applicable to the class as a whole, and final classwide declaratory and injunctive relief would be appropriate. Defendants do not contest the applicability of subsection (b)(2) to the present case. Accordingly, the Court finds that the requirements of Rule 23(b)(2) have been satisfied.

*Conclusion*

■■■ Based upon the above findings,[6] the Court conditionally grants plaintiffs' motion for class certification. The Court's ruling on the motion shall become final if, within ten days of the date of this Opinion, plaintiffs amend their complaint to remove

---

**4.** Chavez was a second named representative and United States citizen. However, the Court earlier concluded that he was not an appropriate class representative.

**5.** Defendants contend that certain of the proposed class representatives have refused to have their depositions taken, and so are not proper class representatives. If any of the named plaintiffs refuse to cooperate in the discovery process, defendants should seek their dismissal from the lawsuit. At this point, however, there has been insufficient evidence presented to the Court that any proposed class representative has been uncooperative such that he or she should

be dismissed as a class representative or in his or her individual capacity. Plaintiffs may wish to examine their class representatives to be certain that later proceedings in this case are not jeopardized by uncooperative class representatives or insufficient representatives to represent all the interests of the class.

**6.** Though the Court ordered the parties to brief the issue of the standing of employees to assert Fourth Amendment violations resulting from searches at the employer's premises, the Court finds that this is not an issue that needs to be resolved for class certification purposes.

Corcino and Pera as class representatives, and amend their complaint to define the class with respect to defendants' practices at workplaces other than open fields. If plaintiffs choose not to make such amendments, the Court will deny the motion for class certification for failure to satisfy the adequacy of representation requirement.

IT IS SO ORDERED.