BETHESDA LUTHERAN HOMES AND SERVICES, INC., Craig Anderssen, Randal Bidstrup, Heidi Bramstedt, Ellen Hrbek, James Wesling, Martin Wigginton and Laura Wisniewski, Plaintiffs,

v.

Joseph LEEAN, Jefferson County, Wisconsin and Thomas Schleitwiler, Defendants.

No. 95–C–677–S.

United States District Court, W.D. Wisconsin.

Feb. 2, 1996.

Edward S. Marion, Murphy & Desmond, Madison, WI, for Bethesda Lutheran Homes, Craig Anderssen, Randal Bidstrup, Heidi Bramstedt, Ellen Hrbek, James Wesling, Martin Wigginton, Laura Wisniewski.

Bruce Olsen, Asst. Attorney General, Madison, WI, for Joseph Leean.

Barbara J. Janaszek, Whyte Hirschboeck & Dudek, S.C., Milwaukee, WI, for Jefferson County, Wisconsin, Thomas Schleitwiler.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Bethesda Lutheran Homes and Services, Inc. and several of its residents and applicants commenced this action for declaratory, injunctive and monetary relief alleging that state and federal statutes and regulations governing the determination of state of residence for purposes of eligibility for medical assistance discriminate against mentally retarded citizens in violation of federal law and the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331 and 1343.

The individual plaintiffs pursue the matter as a class action pursuant to Rule 23 and seek to represent a class consisting of all persons who have been or will be denied protective placement by Jefferson County or who have been or will be denied medical assistance by the State of Wisconsin because of residence requirements which they cannot satisfy because of their severe or profound mental retardation. The matter is presently before the Court on plaintiffs' motion to cer-

tify the class. The following is a summary of the facts relevant to the class certification issue.

## FACTS

Plaintiffs Randal Bidstrup, Ellen Hrbek and Laura Wisniewski are currently residents at the Bethesda Lutheran Home in Jefferson County, Wisconsin. They have been denied medical assistance on the basis that they are not Wisconsin residents under prevailing regulations although they have lived in Jefferson County, Wisconsin for some time. These three individual plaintiffs plus two other individuals not named previously received medical assistance regardless of residence pursuant to Wisconsin Statutes § 49.46(1)(a)4 because they were receiving federal Social Security benefits. When they became ineligible for such federal benefits they were also deemed ineligible for medical assistance purposes because of the residence regulations.

There are nineteen current residents at Bethesda Lutheran Home in Jefferson County, Wisconsin who are eligible for medical assistance based upon their present receipt of Social Security Benefits but whose state of residence would be deemed other than Wisconsin if they became ineligible.

There are forty-one individuals, including four named plaintiffs Craig Anderssen, Heidi Bramstedt, James Wesling and Martin Wigginton, who have made inquiry to plaintiff Bethesda expressing an interest in seeking admission and whose residence under the regulations in question is other than Wisconsin.

## MEMORANDUM

■ Movant seeks a determination pursuant to Rule 23(c) that the class action may be maintained. The principal justification offered by plaintiffs for proceeding as a class action is the need to obtain injunctive and declaratory relief which would be effective as to all present and future applicants and residents. Notwithstanding the differing circumstances of the proposed class members plaintiffs urge that the common residency issue justifies maintenance of a class action.

In order to be maintained as a class action under Rule 23 the case must meet the four prerequisites in Section 23(a). The first of those prerequisites is that the class is so numerous that joinder of all members is impracticable. The Court finds a class action inappropriate here because the proposed class depends for its numerosity upon highly speculative future class members who will receive the same relief whether or not they are joined in this action.

Based upon plaintiffs' submissions five individuals have allegedly suffered a present loss, that is they have been denied admission or medical assistance as a result of the residency requirements and regulations in issue. Obviously those five are not so numerous that joinder would be impracticable. Accordingly, the proposed class can satisfy the numerosity prerequisite only based upon the alleged future class members, those who would face possible loss of benefits in the future. These proposed members fall into two categories.

First, there are nineteen current Bethesda residents who presently receive medical assistance because of their eligibility for Social Security benefits which, under applicable state law makes the residence issue irrelevant. Nothing in plaintiffs' submissions establishes how likely it is that these individuals will become ineligible for Social Security or when such ineligibility is likely to take place.

Second, there are forty-one individuals from other states who have made "inquiry" to Bethesda and therefore face the possibility of denial in the event that they ultimately desire admission and are ultimately deemed admissible. Four of these forty-one individuals have joined as plaintiffs in the action. There is no way to determine from the record what number of the remaining thirty-seven are likely to ultimately desire admission and to be deemed admissible by Bethesda.

■ While potential future members of a class may be considered in the numerosity analysis this is only true to the extent that the Court can reasonably approximate their number. *Valentino v. Howlett*, 528 F.2d 975,

978–79 (7th Cir.1976); *Dudo v. Schaffer*, 82 F.R.D. 695, 699 (E.D.PA.1979). Here the number of known class members is five. There are sixty potential future class members but the likelihood that they will be adversely affected by the residence requirement has not been established by plaintiffs who bear the burden of proving the numerosity prerequisite. *Valentino*, 528 F.2d at 978.

Furthermore, future class members are typically joined because of the need to make injunctive relief applicable to them. In fact, plaintiffs expressly acknowledge that if declaratory and injunctive relief awarded by this Court were applicable to future potential claimants identically situated there would be no need for class certification. Plaintiffs' Reply Brief at page 6. But the declaratory and injunctive relief sought by plaintiffs would surely inure to the benefit of future claimants in identical circumstances regardless of their joinder as members of a class. Plaintiffs' complaint seeks a determination that the applicable statute and regulations are unconstitutional. The statutes and regulations themselves reference mental capacity as the factor which influences the residency determination. It is inconceivable that defendants would continue to apply these regulations in the face of a determination and declaration by this Court of their unconstitutionality. As the Seventh Circuit Court of Appeals noted in *Alliance To End Repression v. Rochford*, 565 F.2d 975, 980 (1977):

> [I]t is important to note whether the suit is attacking a statute or regulation as being facially unconstitutional. If so, then there would appear to be little need for the suit to proceed as a class action. In such a situation, it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the statute's enforcement.

This is clearly such a case. If the Court finds the challenged statutes and regulations to be unconstitutional because they unlawfully discriminate against the severely retarded, any injunctive relief would surely equally benefit future applicants for residence or medical assistance in the same circumstance.

### CONCLUSION

The ascertainable number of the proposed class is five. The class could only be deemed sufficiently numerous based upon speculation as to the number of likely future class members. The Court declines to enter into such speculation. Furthermore, even if the number of future potential class members was subject to estimation with reasonable accuracy their joinder is entirely unnecessary since the relief sought by existing plaintiffs, if it is obtained, will extend to them. Accordingly the certification of the class would serve no beneficial purpose but would have the affect of increasing the expense of the action and is therefore denied.

### ORDER

IT IS ORDERED that plaintiffs' motion to certify this matter as a class action is DENIED.